UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| GRACE LUCAS, | ) | No. CV 05-00626-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION, AND ORDER |
| | ) | THEREON |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| ——————————————— | ) | |

This matter is before the Court for review of the decision by the
Commissioner of Social Security denying Plaintiff's application for
disability benefits.  Pursuant to 28 U.S.C. §636(c), the parties have
consented that the case may be handled by the undersigned.  The action
arises under 42 U.S.C. §405(g), which authorizes the Court to enter
judgment upon the pleadings and transcript of the record before the
Commissioner.  The Plaintiff and the defendant have filed their
pleadings, the defendant has filed the certified transcript of record,
and each party has filed a supporting memorandum.  After reviewing the
matter, the Court concludes that the decision of the Commissioner must
affirmed.

1    The principal issue raised by Plaintiff is that the ALJ erred in
2  finding that although she has a severe impairment of major depression
3  with psychotic features (Finding 2, AR 30), which would otherwise be
4  disabling, alcohol and substance abuse is a material and contributing
5  factor to those limitations, which can reasonably be expected to
6  resolve with abstinence and/or continued compliance with medications.
7  (Finding 9, AR 31.)   In order to adequately discuss this issue, a
8  brief review of the applicable law is in order.

9    If drug addiction or alcoholism is a contributing factor
10  material to the determination of disability, a claimant will be found
11  ineligible for disability benefits.  (See 42 U.S.C. §423(d)(2)(C), 20
12  CFR §416.935).   The procedural route outlined in the regulation
13  requires an examination of "whether your drug addiction or alcoholism
14  is a contributing factor material to the determination of disability
15  . . . [that is] whether we would still find you disabled if you
16  stopped using drugs or alcohol." (20 CFR §416.935(a)(b)) Thus, it is
17  required that a  determination be made as to which of the claimant's
18  physical, or in this case, mental limitations would remain, absent use
19  of drugs or alcohol, and to then determine whether any or all of the
20  remaining limitations would be disabling. (See 20 CFR §416.935(b)(2)).

21    In making in making this particular determination, the ALJ's
22  evaluation of evidence is governed by the same standards which apply
23  to all social security cases.  Pertinent regulations include 20 CFR §
24  416.927(d), which provides that certain issues are reserved to the
25  Commissioner because they constitute administrative findings.  Within
26  this realm are opinions that a claimant is disabled.  The regulation
27  states, in pertinent part, that "a statement by a medical source that
28  you are 'disabled' or 'unable to work' does not mean that we will

determine that you are disabled." 20 CFR §927(d)(1). Moreover, it is the Commissioner's responsibility to evaluate all relevant evidence to determine whether the opinion of the medical source is supported by the evidence, and whether it is consistent with the record as a whole. (See 20 CFR §416.927(d)(3),(4)). In the vast majority of cases, moreover, there will be conflicts in the evidence, and it is the ALJ's specific responsibility to evaluate the evidence, and to resolve any such ambiguities or conflicts. See Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

In this case, the ALJ was called upon to evaluate the ultimate opinions of treating and examining sources as to disability, and to determine whether these opinions were supported by and consistent with the underlying evidence in the record. The ALJ determined that the ultimate opinions as to disability rendered by two treating sources were not supported by underlying records, including progress notes. (AR at 29.)

Plaintiff's treating psychiatrist, Dr. Brooks opined that Plaintiff was disabled and unable to work in letters dated March 4, 2003, April 6, 2004 and August 17, 2004. (AR 116, 215, 341.) The ALJ determined that this opinion was directly contradicted by Dr. Brooks' many progress notes, which indicate that the Plaintiff does not exhibit depression or psychotic symptoms when she takes her medicine. (AR 29.) The Court must determine whether substantial evidence supports that finding.

An examination of the progress notes supports the ALJ's conclusion. For the period of time from January 8, 2003 through June 22, 2004, Dr. Brooks' progress notes consistently indicate that Plaintiff's medications were working and that she was experiencing no

depression or psychotic symptoms.  This is revealed in the following progress notes, with accompanying dates:  AR 118, January 8, 2003; AR 261, March 19, 2003; AR 259, April 2, 2003; AR 257, May 7, 2003; AR 255, June 3, 2003; AR 253, July 1, 2003; AR 252, August 26, 2003; AR 251, November 4, 2003; AR 248, December 16, 2003; AR 246, February 10, 2004; and AR 240, June 22, 2004.

Towards the end of her treatment period, Plaintiff began living in her own single apartment with her newborn child, as noted by the ALJ.  (AR 29, 246, 282.)  Moreover, Dr. Brooks opined in March 2003 that Plaintiff could handle her own funds.  (AR 116, 129.)

Plaintiff vigorously argues that the records at best indicate inconsistent improvement in her condition, and moreover, she argues that outside a structured setting, she would not be able to withstand the stresses of competitive employment.  Indeed consultative psychiatrist Dr. Colonna opined that Plaintiff's ability to function in a routine job setting would be related to her ability to remain clean and sober in a stable structured environment, and that absent such environment, there was a possibility of relapse based on Plaintiff's long history of drug and alcohol dependency.  (AR 183.) Plaintiff's argument, however, misses the point.  The issue is whether Plaintiff is actually disabled from working due to her present and actual functioning.  The fact that plaintiff has made substantial progress through a structured environment is admirable, but it would be sheer speculation to conclude that plaintiff would become disabled due to mental impairments if she was no longer within that structured environment.  It was appropriate for the ALJ in substantial part to base his decision on the findings of Dr. Colonna, who performed a CE at the request of the Department of Social Services on October 21,

2003.  (AR 169-174.)  Moreover, it was also appropriate to rely upon the "Mental Assessment" form which Dr. Colonna completed after her examination, which clearly indicates that Plaintiff is, for the most part, only slightly limited in her abilities to perform mental functions related to work.  (AR 177-185.)

Dr. Brooks' concluded in his August 17, 2004 letter to the Appeals Council to the effect that conditions of work could cause stress that would reactivate symptoms of depression and other mental impairments.  (AR 341.)  The ALJ was justified in disregarding this opinion as speculative because it was unsupported by any of the treatment records.  (AR 29.)

The ALJ similarly disregarded the ultimate disability conclusions rendered by a treating psychologist, Dr. Pope.  (AR 29.)  Dr. Pope provided a "Mental Residual Functional Capacity Assessment" in a check-off form dated March 22, 2004, in which she assessed both moderate and marked limitations in numerous areas pertaining to mental functioning.  (AR 208-209.)  Dr. Pope also provided a narrative report (AR 210-213) which appears to be unsupported by any objective testing and is largely based on Plaintiff's own self-reporting.  The treatment records of Dr. Pope which were ultimately submitted by Plaintiff's counsel to the Appeals Council (AR 312-340) failed to provide clinical support for the extreme conclusions Dr. Pope reached on the "Mental Residual Functional Capacity Assessment" form.  This fact was properly highlighted by the ALJ in reaching his decision.  (AR 29.)  Moreover, Dr. Pope diagnosed on Axis I that Plaintiff suffered from bipolar disorder   (AR 212), while Dr. Brooks never diagnosed such an impairment; rather he assessed that Plaintiff was suffering from depression.  This example highlights the Court's earlier articulated

point, that it is the ALJ's responsibility to weigh evidence and to resolve ambiguities and conflicts such as these.

Plaintiff's final argument is that the ALJ erred in utilizing the "grids" to direct a conclusion of not disabled. (See Finding 10, AR 31.) Plaintiff argues that the grids should have been made inapplicable in this case because she still has nonexertional limitations. (See 20 CFR §416.969(a)). While Plaintiff provides examples set forth in that regulation, these were found to be inapplicable to Plaintiff, following the ALJ's evaluation of the evidence. Related to those examples, Plaintiff does not have difficulty functioning because of nervousness, anxiety, or depression; she does not have difficulty maintaining attention or concentration; and she does not have difficulty understanding or remembering detailed instructions. (AR 174.) It was therefore appropriate to utilize the grids in determining the issue of disability in Plaintiff's case, and concluding that she is qualified for unskilled work requiring the ability to understand, carry out and remember simple instructions.

Based on the foregoing, the Court denies Plaintiff's motion for summary judgment, grants the Commissioner's cross-motion for summary judgment and orders the action to be dismissed with prejudice.

IT IS SO ORDERED.

DATED: October 3, 2005

_____/s/_____
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE